# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | | |
|---|---|---|
| DONNA M. BEAVER, | ) | |
|     Plaintiff, | ) | |
| | ) | |
|     v. | ) | CAUSE NO.: 2:17-CV-349-JEM |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Deputy Commissioner for Operations, | ) | |
| Social Security Administration, | ) | |
|     Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on a Complaint [DE 1], filed by Plaintiff Donna M. Beaver on August 30, 2017, and Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 16], filed on February 12, 2018. Plaintiff requests that the decision of the Administrative Law Judge be reversed and remanded for further proceedings. On March 15, 2018, the Commissioner filed a response, and on April 6, 2018, Plaintiff filed a reply.

**I.    Background**

On July 2, 2010, Plaintiff filed an application for benefits alleging that she became disabled on July 28, 2018. On March 17, 2015, Administrative Law Judge ("ALJ") Romona Scales issued a decision finding that Plaintiff was not disabled, and Plaintiff appealed the decision. On September 26, 2014, this Court issued an opinion and order reversing and remanding the ALJ's decision, and the Appeals Council remanded the matter to the ALJ. On April 7, 2015, ALJ William E. Sampson held a hearing at which Plaintiff, with an attorney representative, and a vocational expert ("VE") testified. On March 9, 2016, the ALJ issued a second decision finding that Plaintiff was not disabled.

The ALJ made the following findings under the required five-step analysis:

1.   The claimant meets the insured status requirements of the Social Security Act through March 31, 2015.

2. The claimant engaged in substantial gainful activity from November 2013 through September 2014.

3. As there has been a continuous 12-month period(s) during which the claimant did not engage in substantial gainful activity, the findings address the period(s) the claimant did not engage in substantial gainful activity.

4. The claimant has the following severe impairments: degenerative disc disease; lupus/Sjogren's Syndrome, and chronic obstructive pulmonary disease (COPD).

5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

6. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity ("RFC") to lift and/or carry 20 pounds occasionally, and 10 pounds frequently; sit for 6 hours in an 8 hour work day; and stand and/or walk 6 hours in an 8 hour work day. The claimant should not climb ropes, ladders, or scaffolds; but can occasionally climb ramps and stairs; and occasionally balance, stoop, kneel, crouch, and crawl. She should avoid concentrated exposure to extremes of heat and cold, as well as breathing irritants such as fumes, odors, dusts and gases; and hazards, such as dangerous moving machinery and unprotected heights.

7. The claimant is capable of performing past relevant work as a district manager and clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity.

8. The claimant has not been under a disability, as defined in the Social Security Act, from July 28, 2008, through the date of this decision.

The Appeals Councils denied Plaintiff's request for review, leaving the ALJ's decision the final decision of the Commissioner.

The parties filed forms of consent to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Therefore, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c) and 42 U.S.C. § 405(g).

## II. Standard of Review

The Social Security Act authorizes judicial review of the final decision of the Agency and indicates that the Commissioner's factual findings must be accepted as conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Thus, a court reviewing the findings of an ALJ will reverse only if the findings are not supported by substantial evidence or if the ALJ has applied an erroneous legal standard. *See Briscoe v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005). Substantial evidence consists of "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Schmidt v. Barnhart*, 395 F.3d 737, 744 (7th Cir. 2005) (quoting *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003)).

A court reviews the entire administrative record but does not reconsider facts, re-weigh the evidence, resolve conflicts in evidence, decide questions of credibility, or substitute its judgment for that of the ALJ. *See Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005); *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Butera v. Apfel*, 173 F.3d 1049, 1055 (7th Cir. 1999). Thus, the question upon judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is not whether the claimant is, in fact, disabled, but whether the ALJ "uses the correct legal standards and the decision is supported by substantial evidence." *Roddy v. Astrue,* 705 F.3d 631, 636 (7th Cir. 2013) (citing *O'Connor-Spinner v. Astrue*, 627 F.3d 614, 618 (7th Cir. 2010); *Prochaska v. Barnhart*, 454 F.3d 731, 734-35 (7th Cir. 2006); *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004)). "[I]f the Commissioner commits an error of law," the Court may reverse the decision "without regard to the volume of evidence in support of the factual findings." *White v. Apfel*, 167 F.3d 369, 373 (7th Cir. 1999) (citing *Binion v. Chater*, 108 F.3d 780, 782 (7th Cir. 1997)).

At a minimum, an ALJ must articulate his or her analysis of the evidence in order to allow the reviewing court to trace the path of her reasoning and to be assured that the ALJ considered the important evidence. *See Scott v. Barnhart*, 297 F.3d 589, 595 (7th Cir. 2002); *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995); *Green v. Shalala*, 51 F.3d 96, 101 (7th Cir. 1995). An ALJ must "'build an accurate and logical bridge from the evidence to [the] conclusion' so that, as a reviewing court, we may assess the validity of the agency's final decision and afford [a claimant] meaningful review." *Giles v. Astrue*, 483 F.3d 483, 487 (7th Cir. 2007) (quoting *Scott*, 297 F.3d at 595); *see also O'Connor-Spinner*, 627 F.3d at 618 ("An ALJ need not specifically address every piece of evidence, but must provide a 'logical bridge' between the evidence and his conclusions."); *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001) ("[T]he ALJ's analysis must provide some glimpse into the reasoning behind [the] decision to deny benefits.").

**III.   Analysis**

Plaintiff argues that the ALJ failed to incorporate her mental limitations into Plaintiff's RFC, failed to properly evaluate Plaintiff's subjective complaints, and improperly assessed Plaintiff's work history. The Commissioner argues that the ALJ's decision was supported by substantial evidence.

In this case, the previous opinion and order instructed the ALJ to incorporate Plaintiff's mental limitations into her RFC, or explain why those limitations did not warrant additional accommodations. The ALJ was also instructed to consider Plaintiff's limitations in combination with Plaintiff's other impairments. The law of the case doctrine, applicable to judicial review of administrative decisions, requires "the administrative agency, on remand from a court, to conform its further proceedings in the case to the principles set forth in the judicial decision, unless there is

4

a compelling reason to depart." *Wilder v. Apfel*, 153 F.3d 799, 804 (7th Cir. 1998); *see also Key v. Sullivan*, 925 F.2d 1056, 1060 (7th Cir. 1991). On remand, the ALJ gave great weight to the assessment of State agency psychologists, who found that Plaintiff had mild limitations in activities of daily living and social functioning, as well as limitations in concentration, persistence, or pace. But the ALJ concluded that "the claimant's no more than mild mental limitations do not impact on the claimant's ability to perform basic work activity," and did not explain the basis for that conclusion.

"Although [] impairments may not on their own be disabling, that would only justify discounting their severity, not ignoring them altogether. Moreover, . . . an ALJ must consider the combined effects of all of the claimant's impairments, even those that would not be considered severe in isolation." *Terry v. Astrue*, 580 F.3d 471, 477 (7th Cir. 2009); *see also Martinez v. Astrue*, 630 F.3d 693, 698 (7th Cir. 2011) ("Even if each problem assessed separately were less serious than the evidence indicates, the combination of them might be disabling."); *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008) ("[A]n ALJ is required to consider the aggregate effects of a claimant's impairments, including impairments that, in isolation, are not severe.") (citing 20 C.F.R. § 404.1523); *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003)). The ALJ must consider the combination of impairments, and explain how she incorporated the mental limitations into the RFC. "In determining an individual's RFC, the ALJ must evaluate all limitations that arise from medically determinable impairments, even those that are not severe, and may not dismiss a line of evidence contrary to the ruling." *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009).

The ALJ pointed to consultative psychological evaluations as apparent justification for declining to include Plaintiff's mental limitations in her RFC. While the reports identified many

5

areas in which Plaintiff apparently does not suffer limitations, they do not demonstrate why the limitations Plaintiff *did* suffer would not have affected her work. For example, the ALJ stated that consultative psychologist Patrick McKian reported Plaintiff as demonstrating good memory and judgment, among other traits. However, the section on "judgment" in Dr. McKian's report consisted of two findings: that Plaintiff reported that she would leave if she smelled smoke in a crowded theater, and that if she found a letter in the street she would mail it. As to "memory," Plaintiff could remember what she had for dinner the previous night, remember three words after a five minute delay, and remember seven digits listed forwards and six digits backwards after two tries. Another psychologist, Jill Miller, reported that Plaintiff's judgment and insight "appeared to be fair": "If she found a broken water pipe, she would 'Call water company'"; "If she cut her finger, she would 'Band Aid on it.'" Neither report assessed judgment (or any other potential limitation) in an employment context, and both reports suggested mild limitations in persistence and pace and in activities of daily living, just as the State agency psychologists' reports did. The ALJ concluded that Dr. Miller's report, "consistent with [Dr. McKian's report], . . . show[ed] . . . that claimant's mental impairment no more than minimally interfere [sic] with her ability to perform basic work activity." That conclusion does not follow from the reports, leaving the Court without a "logical bridge" between the evidence and the ALJ's conclusion that Plaintiff's mental limitations would not affect her work. *O'Connor-Spinner*, 627 F.3d at 618. Despite the Court's prior instruction to include mental limitations in the RFC, Plaintiff failed to include them or sufficiently explain why they should not be included.

In addition, Plaintiff argues that on remand, the ALJ failed to properly assess her subjective complaints and those of non-medical third parties. Social Security Ruling 96-7p requires that in

assessing a claimant's subjective complaints, the ALJ must consider the individual's daily activities; duration, frequency, and intensity of the claimant's symptoms; medications the claimant has taken to alleviate pain or other symptoms; and other measures for symptom relief, such as lying down or sleeping. SSR 96-7p[1], 1996 WL 374186, at *2 (July 2, 1996). Although the ALJ mentioned SSR 96-7p, his reasons for rejecting Plaintiff's individual complaints were unclear. For example, Plaintiff testified that she could not walk for more that 15 minutes at a time, or sit for more 20 minutes at a time. That testimony was supported by statements from Plaintiff's chiropractor ([Plaintiff is] "unable to perform . . . duties such as sitting, standing, walking . . . for greater than 10 mins. without aggravation of her pain"), mother ("She can walk 60 to 80 feet") and daughter (Plaintiff "cannot sit in vehicle for short amounts of time"; "she cannot push, stand, bend, kneel"). However, the ALJ concluded that Plaintiff's complaints of "pain, other symptoms and functional limitations" were "not credible in view of the lack of significant clinical findings on repeated exams, the lack of objective medical findings after extensive diagnostic testing and imaging, positive response to treatment, lack of follow through with treatment recommendations, conservative treatment recommendations, and activities." This conclusory statement makes it unclear which complaints were dismissed for what reasons, leaving the reviewer without "an accurate and logical bridge" to the ALJ's conclusion. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (remanding where "the ALJ stated, in a conclusory manner, that [Plaintiff's] testimony regarding the limitations placed on her daily activities was unsupported by the medical evidence").

Finally, Plaintiff argues that the ALJ made improper conclusions about her disability claim

---

[1] Although SSR 96-7p has been superseded by an updated interpretation, SSR 16-3p, 2016 WL 1119029 (March 16, 2016), the Court applies the former interpretation because the latter was not in effect at the time of the ALJ's decision. Notices, SSR 16-3p, 2017 WL 4790249 at *1 ("we expect the court to review the final decision using the rules that were in effect at the time we issued the decision under review").

based on her work history. Plaintiff testified that she returned to work part-time, beginning in November 2013. The ALJ referenced Plaintiff's testimony "that the claimant's part time job allows her to work from home, working as she pleases and taking breaks as needed," and appeared to consider Plaintiff's employment as evidence that she could work full-time. As the Seventh Circuit has noted, "even persons who *are* disabled sometimes cope with their impairments and continue working long after they might have been entitled to benefits." *Shauger v. Astrue*, 675 F.3d 690, 697 (7th Cir. 2012); *see also Pierce v. Colvin*, 739 F.3d 1046, 1051 (7th Cir. 2014) ("[A] claimant's dogged efforts to work beyond her physical capacity would seem to be highly relevant in deciding her credibility and determining whether she is trying to obtain government benefits by exaggerating her pain symptoms."); *Gentle v. Barnhart*, 430 F.3d 865, 867 (7th Cir. 2005) ("A person can be totally disabled for purposes of entitlement to social security benefits even if, because of an indulgent employer or circumstances of desperation, he is in fact working.").

In this case, Plaintiff's testimony about her part-time work does not establish that she can perform full-time work in a normal work environment. Plaintiff testified that she works from home two to four hours per day, essentially unsupervised, and sets her own schedule. Plaintiff's work environment is more suggestive of an "indulgent" employer than a lack of entitlement to disability benefits. *Gentle*, 430 F.3d 867.

On remand, the ALJ is reminded of the need to incorporate Plaintiff's mild mental limitations into the RFC, and is instructed to draw a logical bridge from the evidence as it actually appears in the record to his conclusions about Plaintiff's RFC. *O'Connor-Spinner*, 627 F.3d at 618. The ALJ is reminded to consider Plaintiff's subjective complaints pursuant to the factors discussed in SSR 16-3p, which has superseded SSR 96-7p, and to explain which of Plaintiff's complaints are accepted

and rejected and for what reasons.

**IV.     Conclusion**

For the foregoing reasons, the Court hereby **GRANTS** the relief requested in Plaintiff's Brief in Support of Reversing the Decision of the Commissioner of Social Security [DE 16] and **REMANDS** this matter for further proceedings consistent with this opinion.

SO ORDERED this 14th day of September, 2018.

                                                  s/ John E. Martin
                                                  MAGISTRATE JUDGE JOHN E. MARTIN
                                                  UNITED STATES DISTRICT COURT

cc:     All counsel of record